AO 91 (Rev. 11/11)  Criminal Complaint

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
JUN 02 2016
MATTHEW J. DYKMAN
CLERK

# UNITED STATES DISTRICT COURT
### for the
### District of New Mexico

| | |
|---|---|
| United States of America<br>v.<br>Brian Tony<br>Year of birth: 1971<br><br>*Defendant(s)* | Case No. 16-MJ-2580 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __05/09/2016__ in the county of __McKinley__ in the _____ District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 1111(a) | Muder in the second degree |
| 1153 | Offenses committed within Indian Country |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

W. Monty Waldron, Special Agent - FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: June 2, 2016

City and state: Farmington, NM

B. Paul Briones, US Magistrate Judge
*Judge's signature*

_____
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA )
) Case No. 16-MJ-2580
VS )
) AFFIDAVIT IN
) SUPPORT OF ARREST
Brian Tony ) WARRANT
Year of birth: 1971 )
)

I, the undersigned, being duly sworn, hereby depose and state as follows:

1. Your affiant is a Special Agent (SA) of the Federal Bureau of Investigation (FBI) and has been employed in that capacity since September 2007. Your affiant is currently assigned to the Albuquerque Division of the FBI, Farmington Resident Agency, and has primary responsibility for investigating crimes occurring in Indian Country within the District of New Mexico. In this regard the following information was relayed to your affiant and was developed from an investigation conducted by FBI Special Agent Clay Trant of the FBI Gallup Resident Agency and/or communicated to him by other sworn Law Enforcement Officers regarding the murder of John Doe, a 52 year-old male, by Brian K. Tony (hereinafter Tony), a 44 year-old male, enrolled member of the Navajo Nation, within the exterior boundaries of the Navajo Nation.

2. This investigation concerns alleged violations of United States Code, 18 U.S.C. § 1111(a) and 1153(a), Murder in the second degree in Indian Country.

3. Your affiant was advised that on 05/09/2016 at approximately 12:51 A.M., an individual who identified himself as John Doe called 911 and advised that he was in a ditch near Superman Canyon. Doe further advised that "they" hit him on the head with a hammer, and Doe

identified "they" as Brian Tony and Buck Tony. John Doe stated that Brian Tony was the person who hit him with the hammer, and Doe thought they were also hurting his friend, who was not identified. John Doe further stated that they drove him to the location in a blue or black Jeep to show him something, and he thought they had a gun.

4. During the 911 call, which is approximately nine minutes and 52 seconds in length, John Doe repeatedly requested help and stated that he was bleeding from his head. He advised that he was in a "ditch" and "on foot." At one point, John Doe said that he had to talk softly because the people who hurt him were very close. The call ended with John Doe stating, "Hurry, here he comes now! Hurry!"

5. On 05/09/2016, the FBI processed a scene located on Rock Flats Road, Churchrock, NM, northwest of the intersection of Becenti Trail and Superman Canyon Drive, where John Doe's deceased body was found. On the roadway, there were numerous red stains in the dirt. John Doe's body was found in the bottom of a ravine that runs next to the road. The bottom of the ravine where John Doe's body was found is approximately 72' below the roadway. A hammer was located in the ravine approximately 42' from John Doe's body. Additionally, there was a large rock with red stains on it next to John Doe's body and he was wearing a knife sheath on his belt, but the knife was missing and was not located. No cell phones were located at the scene.

6. On 05/13/2016, the New Mexico Office of the Medical Investigator reported that preliminary autopsy results showed that John Doe was stabbed multiple times in the head and neck and had two blunt-force trauma wounds on his head. The instrument that caused the blunt force trauma wounds was not yet determined. No cause or manner of death has been definitely determined, but John Doe likely bled to death as a result of multiple stab wounds.

7. On 05/11/2016, J.D., ex-wife of John Doe, advised that John Doe was an associate of Tony. J.D. further advised that John Doe had lived in a house on McKinley Street in Gallup, NM, with Tony and other individuals, but that John Doe had moved out.

8. On 05/13/2016, F.T., the sister of Tony, advised that she has another brother named B.T. who goes by the nickname, "Buck." Further, she advised that Tony recently bought a new Jeep that was a dark color, and that he lived in apartment 'B' in an apartment building located directly behind the Gallup Indian Medical Center, Gallup, NM.

9. On 05/04/2016, U.S. Probation conducted a home visit at Tony's last verified address, 1803 Mariyana Street, Apt B, Gallup, NM, and observed Tony at the residence cleaning a newer model dark blue Jeep with a temporary registration permit. U.S. Probation also advised that Tony lived with his girlfriend C.B. and that the Jeep belonged to her.

10. On 05/13/2016, a check of the New Mexico motor vehicle database revealed a blue 2016 Jeep Patriot, VIN number 1C4NJPBA4GD641964, New Mexico temporary registration permit 16T-159361 that was issued 04/30/2016, registered to C.B., 1803 Maryana Drive, Gallup, NM.

11. On 05/13/2016, FBI Gallup seized and searched the Jeep Patriot, VIN number 1C4NJPBA4GD641964, New Mexico temporary registration permit 16T-159361, pursuant to a federal search warrant. BlueStar forensic reagent was applied to the interior of the vehicle and had a positive reaction that resulted in a luminescent glow, which is normally associated with the presence of blood.

12. On 05/14/2016, C.B. was interviewed by your SA Clay Trant. She advised that Tony lives with her in her residence in Gallup, NM, and has his own set of keys to her Jeep Patriot.

13. On 05/16/216, Tony was interviewed by SA Clay Trant. During the interview, Tony stated that late on the evening of 05/08/2016, he picked up John Doe at the residence on McKinley

Street in Gallup, NM. Tony drove John Doe, C.B., and B.T. in C.B.'s Jeep Patriot vehicle to a location on the Navajo Nation Reservation, where Tony and John Doe argued and Tony assaulted John Doe by punching him in the head. Tony and John Doe subsequently fought with each other, and at some point, John Doe fled the confrontation by jumping down in a ravine and then called 911. According to Tony, John Doe threatened to kill Tony after John Doe jumped down in the ravine. Tony followed John Doe into the ravine and during the ensuing fight, John Doe stabbed Tony in the arm with a knife. Tony then took this knife from his arm and stabbed John Doe in the head and neck area. Tony then climbed out of the ravine and drove away in C.B.'s Jeep Patriot with C.B. and B.T.

14. Based on the forgoing, your affiant submits that probable cause exists to show that Brian Tony, an enrolled member of the Navajo Nation, did unlawfully kill John Doe, on or about May 9, 2016 within the exterior boundaries of the Navajo Nation, in Indian Country, in the District of New Mexico, in violation Title 18 U.S.C. § 1111(a) and 1153(a), Murder in the second degree in Indian Country.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Respectfully submitted,

W. Monty Waldron
Special Agent

Subscribed and sworn to before me on _June 2_, 2016

B. Paul Briones
UNITED STATES MAGISTRATE JUDGE